UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUTURE SANITATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EVERGREEN NATIONAL INDEMNITY COMPANY and MARTIN STERNBERG,<br><br>Defendants.<br><br>EVERGREEN NATIONAL INDEMNITY COMPANY,<br><br>Defendant/Counterclaimant,<br><br>v.<br><br>FUTURE SANITATION, INC. and BRYAN ALOIA,<br><br>Counterclaim Defendants. | Civil Action No.<br>3:17-CV-03471-MAS-TJB<br><br>**ANSWER BY FUTURE SANITATION AND ALOIA TO EVERGREEN'S COUNTERCLAIM** |

Future Sanitation, Inc. ("Future") and Bryan Aloia ("Aloia") answer the counterclaim of Evergreen National Indemnity Company ("Evergreen") as follows:

## **PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Admitted.

## FACTS

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. The General Indemnity Agreement ("GIA") speaks for itself and Future and Aloia refer to the document for what it says. Future and Aloia deny ever seeing Section V.A.1 of the GIA before this litigation commenced.

13. Denied as to the allegations concerning Future and Aloia. Future and Aloia lack knowledge as to the allegations concerning Martin Sternberg ("Sternberg") and, on that basis, deny those allegations.

14. Denied as to the allegations concerning Future and Aloia. Future and Aloia lack knowledge as to the allegations concerning Martin Sternberg ("Sternberg") and, on that basis, deny those allegations.

## DEFENSES

1. Evergreen fails to state a claim for which relief may be granted.

2. Evergreen sent the GIA to Defendant Sternberg to present to Future and Aloia, but Sternberg never showed the full GIA to Future or to Aloia, and therefore the full GIA was never agreed to by Future and Evergreen or by Aloia and Evergreen. The GIA is therefore not an enforceable contract.

3. To the extent there was an indemnification agreement between Future and Evergreen and between Aloia and Evergreen, the terms of the agreement are unenforceable.

4. The indemnity sought by Evergreen against Future and Aloia under the GIA is unenforceable under the law governing the GIA.

5. Evergreen cannot enforce the GIA because of unclean hands on the part of Evergreen.

6. The GIA is contrary to public policy and therefore unenforceable.

7. When Evergreen issued the consents of surety, Evergreen waived the terms of the GIA.

8. The terms of the GIA, if enforceable, do not require Future or Aloia to indemnify Evergreen.

9. Evergreen sent the GIA to Defendant to Sternberg to present to Future and Aloia for signature. Sternberg however showed a part of the GIA to Aloia and thereby mispresented the GIA to Aloia and Future. Future and Aloia signed the GIA relying on Sternberg's misrepresentation. Accordingly, the GIA was procured by fraud and is unenforceable.

10. The terms of the GIA, to the extent it is enforceable, were discharged by the subsequent consents of sureties issues.

11. Evergreen breached the obligation of good faith and fair dealing inherent the GIA by arbitrarily failing to issue performance bonds required by Future's contracts with New Jersey municipalities, rendering the GIA unenforceable.

Respectfully submitted,

Dated:  July 12, 2017

                                                DIEHL LAW LLC
                                                <u>/s/Joseph Gentilcore</u>
                                                Joseph Gentilcore, Esq.
                                                Glen M. Diehl, Esq.
                                                DIEHL LAW, LLC
                                                20 Shawnee Drive, Suite B
                                                Watchung, NJ 07069
                                                (908) 310-2764
                                                Attorneys for Plaintiff

5

## CERTIFICATE OF SERVICE

I certify that I served this document on the following counsel for each Defendant by email and by First Class Mail, as indicated below:

For Defendant Evergreen:

    Andrew S. Kent, Esq.
    Chiesa Shahinian & Giatomasi PC
    One Boland Drive
    West Orange, NJ 07052
    akent@csglaw.com

For Defendant Sternberg:

    Julian W. Wells, Esq.
    SHERMAN WELLS SYLVESTER & STAMELMAN LLP
    210 Park Avenue
    2nd Floor
    Florham Park, NJ 07932
    jwells@shermanwells.com |

                                        /s/Joseph L. Gentilcore
                                        Joseph L. Gentilcore